HIRAM PRIVETT v. JAMES CALLOWAY.

Whether or not the court below will allow a defendant's counsel to insist upon the statute of limitations, as a defence to the action, where the same has not been pleaded or mentioned until the argument before the jury, is a matter of discretion, which this court cannot review.

Granting or refusing a new trial is also a matter of discretion with the court below, and this Court cannot review the rulings thereupon.

CIVIL ACTION, tried before FURCHES, J., at Fall Term, 1875, of WILKES Superior Court, upon appeal from a Justice's Court.

The facts necessary to an understanding of the case as decided are stated in the opinion of the Court.

There was a verdict and judgment for the plaintiff and the defendant appealed.

*G. N. Folk* and *R. F. Armfield*, for the appellant.
No counsel *contra*, in this Court.

READE, J.   His Honor's charge was very full and there was no exception to what he did charge, and when he got through he asked the counsel on both sides whether there was any other charge desired, and they answered "no." There is, therefore, nothing to consider of the charge in this Court.

There was no objection to the introduction or rejection of evidence, so there is nothing to be considered on that ground. And the jury found for the plaintiff. That reduces the case to this single point: After the evidence was closed and the argument progressing, the defendant's counsel insisted upon the statute of limitations, which had not been pleaded or mentioned up to that time. And his Honor refused to hear it. This was discretionary with his Honor and we cannot review him. If we could, we see nothing to blame.

After verdict defendant moved for a new trial upon the alleged ground that it had been agreed between the counsel that the statute of limitations should be considered as pleaded, and he offered to verify it by affidavits. The plaintiff's counsel denied it and said he could support his denial by affidavits. But his Honor refused the motion. This also was discretionary with his Honor and we cannot review him, and we see nothing to blame if we could.

It is stated that the defendant's counsel insisted on the argument to the jury, that the plaintiff could not recover because he had not returned the notes to the defendant or tendered them on the trial. As we have already said, there was no exception which brings that point before us, but still we do not see how it could avail the defendant, because the plaintiff did offer to return the notes if the defendant would pay, and the defendant refused. And further and chiefly because the defendant owes the plaintiff a debt and the notes were put into his hands as collaterals which the plaintiff was to collect if he could and out of the proceeds pay off his claim. There was no such agreement as that; the debt was extinguished by the delivery of the notes to the plaintiff, to be revived by the return of the notes to the defendant uncollected; but the defendant has never been discharged from the debt to the plaintiff. The defendant owes the debt to the plaintiff according to the verdict of the jury, and the plaintiff has in his hands for collection certain notes be-

longing to the defendant which he has offered to the defendant, and which he refused to receive and which he will be entitled to receive upon paying the plaintiff's claim.

There is no error.

PER CURIAM.                                    Judgment affirmed.